Merchants Mut. Ins. Co. v Dunham Piping & Heating Corp. (2022 NY Slip Op 01879)





Merchants Mut. Ins. Co. v Dunham Piping & Heating Corp.


2022 NY Slip Op 01879


Decided on March 17, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 17, 2022

Before: Kapnick, J.P., Mazzarelli, Friedman, Gesmer, Oing, JJ. 


Index No. 652891/19 Appeal No. 15541 Case No. 2021-02642 

[*1]Merchants Mutual Insurance Company, Plaintiff-Appellant,
v
Dunham Piping & Heating Corp. et al, Defendants, Eddie Coryat et al., Defendants-Respondents. [And a Third-Party Action]


Hurwitz & Fine, P.C., Buffalo (Brian D. Barnas of counsel), for appellant.
McMahon, Martine & Gallagher, LLP, Brooklyn (Andrew D. Showers of counsel), for Pine Builders Corp. and Caton Realty Holdings, LLC, respondents.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about January 22, 2021, which, to the extent appealed from as limited by the briefs, denied the motion of plaintiff Merchants Mutual Insurance Company for a default judgment against defendants Dunham Piping & Heating Corp. (Dunham Piping) and Dunham Plumbing & Heating Corp. (Dunham Plumbing), and for summary judgment against defendants Eddie Coryat, Peachreann Coryat (together, Coryat), Caton Realty Holdings, LLC, and Pine Builders Corp. seeking a declaration that Merchants has no obligation to defend or indemnify Durham Piping under a Merchants-issued insurance policy for the injuries claimed by Coryat in the underlying personal injury action, unanimously modified, on the law, to grant the motion for default judgment as against Dunham Piping and Dunham Plumbing and otherwise affirmed, without costs.
Injured plaintiff Eddie Coryat, an employee of Dunham Plumbing, alleges that he was injured during his work at a construction site owned by defendant Caton Realty. Coryat commenced an action (the underlying action) against Caton Realty and Pine Builders, the construction manager at the site. Caton Realty and Pine Builders, in turn, commenced a third-party action against Dunham Piping and Dunham Plumbing, the latter of which went out of business sometime after the accident. Dunham Piping was insured under a policy issued by Merchants, which is at issue in this litigation. That policy did not list Dunham Plumbing as an additional insured, nor is there any evidence in the record that it was an additional insured under the policy for any other reason. Merchants alleged that Dunham Piping did not cooperate with Merchants' investigation into the accident; as a result, Merchants commenced this action (the declaratory judgment action) against Dunham Piping, Dunham Plumbing, and the other parties to the underlying action — namely, Coryat, Pine Builders, and Caton Realty — seeking a declaration that it was not obliged to defend or indemnify Dunham Piping because of its failure to cooperate in the investigation. Because Dunham Piping and Dunham Plumbing did not respond to the declaratory judgment action, Merchants moved for a default judgment against Dunham Piping and Dunham Plumbing, and for a declaration that Merchants had no duty to defend or indemnify based on Dunham Piping's failure to cooperate with the investigation. The motion also sought summary judgment against Coryat, Caton Realty, and Pine Builders.
Dunham Piping and Dunham Plumbing defaulted when they failed to answer or otherwise respond to the declaratory judgment action. Merchants submitted proof of service of the summons and complaint, and an affidavit by Merchants' corporate casualty analyst, who averred as to his personal knowledge of the facts, all of which satisfied the requirement of CPLR 3215(f) that a party seeking to enter a default judgment submit "some firsthand confirmation of the facts" (Joosten v Gale , 129 [*2]AD2d 531, 535 [1st Dept 1987]).
In view of the grant of a default judgment against Dunham Piping and Dunham Plumbing, the motion seeking summary judgment against the remaining defendants is moot.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 17, 2022